Judge Owsley
delivered the opinion.
This is »n appeal from a decree of the circuit court sustaining the entry uoder which Bohannon, who was complainant in that court, claims the superior equity to the land in contest, and directing the heirs of Redd, who bolds the elder legal title under an adverse claim, to surrender their title.
The entry under which Bohannon claims is in the following words :^--Dec. 16, 1782 ; Samuel Givens enters 803 acres of land, on a pre-emption warrant, on the waters of the south fork of Elkhom, near Lees town road, adjoining William McConnell’s pre-emption of 1000 acres; beginning at his west corner, thence west 250 poles, thence south, at right angles for quantity.
The entry of M’Connell is in the following words Dec. 6, 1782, William M’Connell enters 1000 acres of land on a pre eruption warrant, on the south side of the south fork of Elk horn, on a trace made by Crittenden & go. from his camp to Licking; beginning three quarters of a mile nearly northwest of a spring and improvement adjoining Taylor’a survey, running west 400 poles, thence at right angles for quantity.
We are of opinion that the entry of M’Connell cannot be sustained. The spring and improvement called for i» that entry are represented on the connected plat, and ¡den» tiffed by the evidence, hut they are not proven to have possessed any thing like common notoriety at the date of the entry.
Aided by the description contained in the entry, a sub* a*lventurerí at place represented on the plat the southern boundary of Taylor’s survey of 300u acres, perhaps, by the exercise of reasonable diligence, have found the spring and improvement; but there is noth* ing >n the cause which will authorize us to say that Taylor’s survey might have been found at the date of the entry, The evidence not only fails to prove the survey to have beeD notorious, but there is no evidence of the identity of the lines and corners of the survey. The surveyor, it is true, has delineated on the connected plat, made out in this case, lines and corners which be reports to represent Taylor’s survey ; but that report affords no evidence of the *603 iSct of those lines and earners having been made for Taylor. If the surveyor had reported (he existence of marked corners and lines corresponding with the lines and corners •f Taylor’s certificate of survey, that correspondence ' would have formed evidence of the lines and corners reported being the lines and corners of Taylor. In this case, however, the surveyor has not only failed to report the description of timber found at the corners delineated on the plat for Taylor’s survey, but the certificate of Taylor’s survey is not exhibited in the record.
Pope for appellant, Talbot for appellee.
If, therefore, M’Connell’s entry be invalid, it follows that the entry of Givens, under which Bohannon claims, •annot be sustained, and that his bill ought to have been dismissed.
The decree must be reversed with cost, the cause remanded and Bohannon’s bill dismissed with cost.